# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| PAMPER PALACE INC., | Civ. Action No. 23-21654 (RK) (RLS) |
| Plaintiff, | |
| v. | **MEMORANDUM OPINION AND ORDER** |
| INCAUS, LLC, et al., | |
| Defendants. | |

**SINGH, United States Magistrate Judge**.

**PRESENTLY** before the Court is a Motion by Ibrahim Ahmed Law Group, P.C. (the "Firm") to withdraw from its representation of Defendants Incaus LLC, Global Beauty Group, LLC, and Premnavaz Rahim[1] (collectively, "Defendants"). (Doc. Nos. 54, 55, & 57). Plaintiff Pamper Palace Inc. ("Plaintiff") opposes the Motion. (Doc. No. 60). The Court has fully considered the Motion without oral argument pursuant to Federal Rule of Civil Procedure 78(b) and Local Civil Rule 78.1. For the reasons set forth below, and for good cause shown, the Court **GRANTS** the Firm's Motion.

---

[1] In its notices of motion and proposed orders, the Firm only requests to withdraw from its representation of Incaus LLC and Global Beauty Group, LLC. (*See* Doc. Nos. 54, 55, & 57). A review of the certifications accompanying those motions, however, makes clear that the Firm seeks to withdraw from its representation of all Defendants. (*See* Doc. Nos. 54, 55, & 57).

## I.    RELEVANT BACKGROUND AND PROCEDURAL HISTORY

As the parties are familiar with this matter, the Court recites only those facts relevant to the present Motion.[2]  The Firm entered its appearance in this matter on February 22, 2024 and filed an Answer with Affirmative Defenses and Counterclaims on March 25, 2024.  (Doc. Nos. 10 & 14).  The Firm has demonstrated a pattern of dilatory conduct and disregard for the Court's orders throughout this litigation.  By way of example, the Firm ignored numerous Court orders to meet and confer with Plaintiff's counsel, failed to respond to discovery requests, and failed to appear at several Court-ordered conferences.  (*See* Doc. Nos. 44 & 46).  Following an August 28, 2025 status conference for which the Firm failed to appear, the Court ordered Defendants to serve discovery responses and provide passwords for devices and equipment Plaintiff purchased from Defendant.  (Doc. No. 46).  The Court also ordered Ibrahim Ahmed, an attorney with the Firm, to file a statement that he understood and would comply with the Court's order.  (Doc. No 46).  Instead, on September 3, 2025, Mr. Ahmed filed a letter indicating that his clients allegedly cannot produce the discovery ordered by the Court and that the business entities he represents are defunct.  (Doc. No. 47).  He also informally sought to withdraw as counsel.  (Doc. No. 47).

---

[2] The Court hereby incorporates by reference the facts detailed in its August 14, 2025 Letter Order denying Plaintiff's first motion to withdraw from its representation in this matter.  (Doc. No. 44).

Nevertheless, thereafter, on October 7, 2025, the Firm produced a small number of responsive documents to Plaintiff.  (Doc. No. 60, Exhibit 2).  In response that same morning, Plaintiff's counsel inquired as to when Defendants would produce written discovery and passwords for the products at issue here, in accordance with the Courts order.  (Doc. No. 60, Exhibit 2).  The Firm replied "[c]lient does not have passwords." (Doc. No. 60, Exhibit 2).  Plaintiff then inquired whether Defendants had sought a password reset, and the Firm did not reply.  (Doc. No. 60, Exhibit 2).

Also on the morning of October 7, 2025, the Firm filed the instant Motion.[3]  On October 10, 2025, the Court advised the Firm that its Motion is deficient in two ways: first, counsel failed to certify that he served the Motion on his clients; and second, counsel failed to address the applicable standard for withdrawing from representation of a corporate entity.  (ECF No. 56).  The Court permitted the Firm to supplement its Motion to correct these deficiencies.  (ECF No. 56).

The Firm filed a supplement to the Motion the same day.[4]  (*See* Doc. No. 57). The filing contained a certification of service on Defendants.  (*See* Doc. No. 57).  The filing also added a paragraph to the previously filed Declaration of Mr. Ahmed which states: "a corporation or LLC cannot appear pro se and must be represented by licensed

---

[3] The Firm filed two motions to withdraw on that date.  (*See* Doc. Nos. 54 & 55).  The two motions, while not identical, are largely the same.  (*Compare* Doc. No. 54 *with* Doc. No. 55).  Accordingly, the Court treats the two submissions as one Motion.

[4] The supplemental filing contained duplicate copies of the same declaration by Mr. Ahmed.

counsel.  Upon withdrawal, Incaus LLC and Global Beauty Group LLC must promptly retain new counsel or risk sanctions, including default." (Doc. No. 57 at ECF p. 6).

Plaintiff filed an opposition to the Motion on October 20, 2025.  (*See* Doc. No. 60).  Plaintiff argues that the Firm proffered no new information which would justify granting its most recent attempt to withdraw from its representation.  (*See* Doc. No. 60 at p. 2).  Plaintiff contends that the Firm has unduly prejudiced and continues to unduly prejudice its ability to litigate this matter.  (*See* Doc. No. 60 at p. 2).  Plaintiff submits that it will likely be unable to move this case forward if the Firm withdraws, noting that it has not been able to meaningfully advance its claims even with the Firm as counsel.  (*See* Doc. No. 60 at pp. 2-3).  Plaintiff emphasizes that the Firm failed to meaningfully address the factors courts consider when determining whether to permit a Firm to withdraw from representation of a corporation.  (*See* Doc. No. 60 at p. 3).  Plaintiff argues that those factors weigh in favor of denying the Motion because the Firm has not meaningfully participated in this matter, the matter is still in the discovery phase, and the Firm's withdrawal would likely force Plaintiff to pursue this action against an unrepresented entity.  (*See* Doc. No. 60 at p. 3).  The Firm did not reply.

## II.    LEGAL STANDARD

Unless other counsel is substituted, no attorney may withdraw an appearance except by leave of Court.  L. Civ. R. 102.1.  However, New Jersey Rule of Professional Conduct ("RPC") 1.16(b) permits an attorney to withdraw from representing a client if good cause exists to show that:

(1) withdrawal can be accomplished without material adverse effect on the interests of the client; (2) the client persists in a course of action involving the lawyer's services that the lawyer reasonably believes is criminal or fraudulent; (3) the client has used the lawyer's services to perpetrate a crime or fraud; (4) the client insists upon taking action that the lawyer considers repugnant or with which the lawyer has a fundamental disagreement; (5) the client fails substantially to fulfill an obligation to the lawyer regarding the lawyer's services and has been given reasonable warning that the lawyer will withdraw unless the obligation is fulfilled; (6) the representation will result in an unreasonable financial burden on the lawyer or has been rendered unreasonably difficult by the client; or (7) other good cause exists.

N.J. Rules of Prof'l Conduct R. 1.16(b); *see also Haines v. Liggett Grp., Inc.*, 814 F. Supp. 414, 422 (D.N.J. 1993).

Even if counsel seeking to withdraw demonstrates "good cause" as defined in RPC 1.16(b), a decision with respect to withdrawal remains entirely within the discretion of the Court. N.J. Rules of Prof'l Conduct R. 1.16(c); *see also Haines*, 814 F. Supp. at 422 (finding that RPC 1.16(c) "provides that withdrawal is entirely within the discretion of the court and a court may refuse to allow withdrawal despite a showing of good cause"). Following a finding of good cause for withdrawal, the Court should also consider: "(1) the reasons why withdrawal is sought, (2) the prejudice withdrawal may cause to litigants, (3) the harm withdrawal might cause to the administration of justice and (4) the degree to which withdrawal will delay the resolution of the case." *Haines*, 814 F. Supp. at 423; *accord U.S. ex rel. Cherry Hill Convalescent Ctr. v. Healthcare Rehab. Sys., Inc.* 994 F. Supp. 244, 252-53 (D.N.J. 1997).

Furthermore, corporate entities may only appear in federal court through a licensed attorney. *Rowland v. Cal. Men's Colony*, 506 U.S. 194, 201-02 (1993) ("It has been the law for the better part of two centuries . . . that a corporation may appear in the federal courts only through licensed counsel") (citation omitted); *accord Simbraw v. U.S.*, 367 F.2d 373 (3d Cir. 1996); *see also Buschmeier v. G&G Invs., Inc.*, 222 F. App'x 160, 165 (3d Cir. 2007). Nevertheless, a law firm may withdraw from representing a corporation prior to the corporation retaining new counsel when the withdrawing firm "serves no meaningful purpose." *Buschmeier*, 222 F. App'x at 163 (citation omitted). To determine whether a firm's appearance serves "no meaningful purpose," the Court must consider, "the burden imposed on the potentially withdrawing counsel if the status quo is maintained, the stage of the proceedings, and [the] prejudice to other parties." *Id.* at 164.

## III.   DISCUSSION

The Firm previously moved to withdraw on the basis that communications had broken down with its clients and that its clients failed to remit legal fees. (*See generally* Doc. No. 41). The Court denied that prior motion, finding "the Firm offers no fact or argument to support that its withdrawal would serve 'no meaningful purpose' and would not unduly prejudice Plaintiff." (Doc. No. 44 at p. 7). Despite that finding, the Firm filed another motion nearly identical to the one the Court previously found deficient. (*Compare* Doc. No. 41 *with* Doc. No. 54). The Court notified the Firm of the deficiencies and gave it an opportunity to remedy the Motion. (ECF No. 56) ("As

6

previously advised, the Motion remains deficient . . . Counsel may supplement its Motion to correct these deficiencies by no later than October 14, 2025.").

The Firm's attempt to correct the deficiencies leaves much to be desired. The Court specifically instructed the Firm to address the applicable standard for withdrawing from representation of a corporation. (*See* ECF No. 56). Approximately three hours after the entry of that order, the Firm supplemented its Motion to add a single paragraph to the certification of Mr. Ahmed stating: "a corporation or LLC cannot appear pro se and must be represented by licensed counsel. Upon withdrawal, Incaus LLC and Global Beauty Group LLC must promptly retain new counsel or risk sanctions, including default." (Doc. No. 57 at ECF p. 6). That paltry supplement does nothing to address the standard for withdrawal of counsel on behalf of corporate entities. The Court notes that the Firm's attempt to supplement remains consistent with its approach to this litigation.

While the Court could simply reject the Firm's Motion for the failure to cure its deficiencies, this matter has lingered long enough. The Court thus considers whether good cause exists to permit the Firm to withdraw from its representation of Defendants based on the record presented and the procedural history of this matter. In considering good cause, courts look to the reason for withdrawal, any prejudice or potential harm to the administration of justice if withdrawal were granted, and the degree to which withdrawal will delay the matter. *See Haines*, 814 F. Supp. at 423.

Here, these factors weigh in favor of permitting the Firm to withdraw. It has become clear that this litigation cannot move forward with the Firm as counsel for Defendants. Indeed, the Firm has taken no action in this case whatsoever since it filed its first motion to withdraw over one year ago. Nor has it made real efforts to cure deficiencies in not only its motions to withdraw but also its discovery obligations.

In addition, the Firm states that it seeks to withdraw because Defendants have ceased communicating with it. Where the Firm does not have control over its clients to even communicate, the Firm's continued representation would not aid the furtherance of these proceedings. Rather, between the Firm's inability to communicate with Defendants and the Firm's failures to comply with its obligations before this Court, the Firm's continued representation would delay this matter more than if the Firm's representation ceased. While Plaintiff may be prejudiced by the delays to date, Plaintiff would be further prejudiced by having to litigate against the Firm, which has made no efforts to move this litigation forward. Therefore, good cause exists to remove the Firm from this matter.

Good cause alone is insufficient to grant a withdrawal of counsel who represents a corporate entity. Rather, the Firm's ongoing representation of the corporate entity Defendants must "serve[] no meaningful purpose[,]" with consideration of "the burden[s] imposed on all parties and the counsel attempting to withdraw." *Buschmeier*, 222 F. App'x at 163-64. Here, the Firm's participation has not facilitated these proceedings in any way. Rather, their involvement and failures have caused significant

8

delays in moving this matter.  The Court has no confidence that these delays would be cured by maintaining the Firm as counsel for Defendants.  As a result, the Firm's continued representation does not serve any meaningful purpose.

While granting the withdrawal may result in continued delays of these proceedings, Plaintiff may still seek other relief against Defendants, whether they proceed *pro se* or with new counsel.  For example, the Federal Rules of Civil Procedure permit parties to seek relief and/or sanctions in the form of default or other mechanisms, in the event Defendants fail to comply with Court orders and their discovery obligations.

Accordingly, for those reasons, and for good cause shown,

**IT IS** on this **5th** day of **May 2026** hereby

**ORDERED** that the Firm's Motion to Withdraw (Doc. Nos. 54, 55, & 57) is hereby **GRANTED**; and it is further

**ORDERED** that the Firm is hereby relieved as counsel for Defendants; and it is further

**ORDERED** that the Firm shall serve a copy of this Order on Defendants by no later than **May 11, 2026**; and it is further

**ORDERED** that the Firm must advise Premnavaz Rahim that he must have new counsel enter their appearance or notify the Court if he intends to proceed *pro se* by no later than **May 22, 2026**; and it is further

**ORDERED** that the Firm must advise Incaus LLC and Global Beauty Group, LLC that they must have new counsel enter their appearance by no later than **May 22, 2026**; and it is further

**ORDERED** that the Firm shall file an affidavit certifying that it complied with this Order by no later than **May 18, 2026**; and it is further

**ORDERED** that the Clerk of the Court shall **TERMINATE** the Motions pending at Docket Entries Numbered 54, 55, and 57.

**SO ORDERED**.

/s/ Rukhsanah L. Singh

**RUKHSANAH L. SINGH**
**UNITED STATES MAGISTRATE JUDGE**

10